CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2007

JOHN F. CORCORAN, CLERK
BY: /s/ B. Right
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ENGRAM M. BELLAMY, | ) | |
| Plaintiff, | ) | Civil Action No. 5:07cv00035 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ALYSSA C. WELLS, | ) | By: Samuel G. Wilson |
| BRENT UZDANOVICS, | ) | United States District Judge |
| DOUG DAVIS, AND | ) | |
| WAYNESBORO POLICE | ) | |
| DEPARTMENT, | ) | |
| Defendants. | ) | |

Pro se Plaintiff Engram M. Bellamy filed suit under 42 U.S.C. § 1983, seeking damages, inter alia, for actions that allegedly violated the Fifth and Sixth amendments of the U.S Constitution. Bellamy's action is before this court on defendants' motion to dismiss for untimeliness, on Bellamy's motion to amend his complaint, and on Bellamy's renewed motion to appoint counsel.

I

Waynesboro, Virginia police executed an arrest warrant for Bellamy on August 13, 2002 on a charge of raping a woman who was visiting him at his residence on August 10, 2002. A Waynesboro grand jury indicted Bellamy for rape on November 12, 2002. Three months later, while Bellamy was in jail, police took him to a hospital to treat his asthma. He had counsel by that time. On February 12, 2003, an officer who was guarding Bellamy at the hospital engaged him in conversation for four hours about his case and other matters while she wore a hidden recording device. She did not administer <u>Miranda</u> warnings and Bellamy's attorney was not present.

At trial, Bellamy moved to suppress statements he made to the officer at the hospital, claiming that the offer took the statements in violation of his Fifth, Sixth, and Fourteenth Amendment rights because his attorney was not present and the officer did not administer Miranda warnings. The trial judge ruled that Bellamy's statements were admissible. A jury convicted Bellamy of rape on February 23, 2003. Bellamy appealed the decision to admit the statements, and the Court of Appeals of Virginia reversed Bellamy's conviction on Sixth Amendment grounds and remanded for a new trial. Bellamy v. Commonwealth, 2005 WL 1544775 (Va. App. July 5, 2005). On May 10, 2006, the contested statements were suppressed and Bellamy pleaded guilty to the lesser-included offense of misdemeanor assault and battery in violation of Va. Code § 18.2-57. He was sentenced to twelve months imprisonment.

On April 2, 2007, Bellamy filed this civil rights complaint claiming that Waynesboro police violated his Fifth Amendment rights by questioning him without administering Miranda warnings, and that they violated his Sixth Amendment rights by not contacting an attorney for Bellamy prior to questioning him. Bellamy also claims that officers falsely imprisoned him on August 13, 2002. Bellamy seeks $25,000,000 in compensatory and punitive damages. He named defendants Alyssa C. Wells, Brent Uzdanovics, Doug Davis, and the Waynesboro Police Department. The defendants moved to dismiss, claiming that (1) the applicable two-year statute of limitations bars Bellamy's claims, (2) that the court should dismiss Bellamy's claim against the Waynesboro Police Department because the police department is not a legal entity, and (3) that the doctrine of respondeat superior liability does not apply to § 1983 actions, and the Waynesboro Police Department should therefore be dismissed. Bellamy has moved to amend his petition to add a malicious prosecution claim. His first motion to appoint counsel was denied; he

has made a second motion to appoint counsel.

## II

Since there is no federal statute of limitations for § 1983 actions, state statutes governing personal injury apply to all § 1983 claims. Wilson v. Garcia, 471 U.S. 261, 266 (1985); Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general personal injury claims. Va. Code Ann. § 8.01-243(a). Therefore, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id. The question of when a cause of action accrues is a federal question, not resolved by reference to state law. Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007). Under federal law, Bellamy's cause of action under § 1983 accrues when he "can file suit and obtain relief." Id. at 1095 (quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)).

There is, however, a rule that defers accrual in certain § 1983 cases, as articulated in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court said that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90. The Court held that a district court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; . . . [I]f the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Id. at 487.

In this case, it is clear that Bellamy's Sixth Amendment claim would imply the invalidity

-3-

Case 5:07-cv-00035-SGW    Document 25    Filed 10/19/07    Page 3 of 7    Pageid#: 189

of the of the now-reversed rape conviction against him. Indeed, that very claim ultimately yielded a reversal of the conviction by the Court of Appeals of Virginia. Under Heck, Bellamy's claim would not have been cognizable before the reversal. Bellamy's claim therefore accrued upon the July 5, 2005 reversal.

The remaining question is whether Bellamy's claim also would impugn the validity of his existing conviction for assault and battery. If the claim would impugn this conviction, the § 1983 claim is still not cognizable. Heck, 512 U.S. at 483. His claim would accrue, if at all, upon the reversal or invalidation of this existing conviction. However, here it appears that Bellamy's claim relates only to the methods (the hospital conversation) used to win the first conviction. His challenge is to the procedures used, not necessarily to the result reached. On May 10, 2006, Bellamy' motion to suppress was granted. Therefore, this court finds that his Sixth Amendment claim would not impugn the validity of the extant assault and battery conviction.

This means that the Heck rule deferred accrual of Bellamy's claim until the July 5, 2005 reversal of his rape conviction. Heck, however, does not further defer accrual because his claim does not impugn the extant assault and battery conviction. Therefore, his Sixth Amendment Claim accrued on July 5, 2005. Bellamy filed this action April 2, 2007, less than two years from the accrual date. Bellamy's Sixth Amendment claim was therefore timely filed.

As to Bellamy's Fifth Amendment claim, the timing analysis would be identical to the Sixth Amendment claim. However, it is not the Waynesboro Police who violated Bellamy's Fifth Amendment right, if anyone did. The violation of the Fifth Amendment is not the act of conducting custodial interrogation without Miranda warnings; it is the use of any inculpatory statements gained through those means at trial. Burrell v. Virginia, 395 F.3d 508, 513 (4th Cir.

-4-

Case 5:07-cv-00035-SGW Document 25 Filed 10/19/07 Page 4 of 7 Pageid#: 190

2005) (citing Chavez v. Martinez, 538 U.S. 760 (2003)). However, no motion is before this court on the merits of the Fifth Amendment claim or the propriety of the named defendants as to this claim. The claim is timely.

### III

Bellamy also included a claim for false imprisonment, citing August 13, 2002 as the date of the imprisonment. Although defendants characterize this claim as one under state law, his claim was articulated in the form used for bringing § 1983 claims. This court will therefore construe his claim as a § 1983 claim for false imprisonment.

False imprisonment is a claim that addresses detention "without legal process," such as arrest without a warrant. <u>Wallace v. Kato</u>, 127 S.Ct. 1091, 1095 (2007). Bellamy was arrested under a warrant issued Aug. 11, 2002. Therefore, he was not detained without legal process at all. In other words, he has not alleged any facts which would support a § 1983 claim for false imprisonment. His claim here must proceed, if at all, for <u>abuse</u> of the legal process (i.e, malicious prosecution), rather than for its <u>absence</u>. Defendants have not moved to dismiss for this reason, and so the court merely notes this situation by way of analyzing Bellamy's motion to amend to include a malicious prosecution claim.

Common law malicious prosecution is not itself redressable under § 1983, since § 1983 is not "a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." <u>Baker v. McCollan</u>, 443 U.S. 137, 144 (1979). The Fourth Circuit has held that there is no independent cause of action for a § 1983 malicious prosecution claim, separate and distinct from a plaintiff's constitutional claims. <u>Brooks v. City of Winston-Salem</u>, 85 F.3d 178 (4th Cir.

-5-

1996). Rather, such a claim must be founded on a Fourth Amendment seizure. Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000). Such a claim must also meet some common law elements of a malicious prosecution claim, namely the requirement that the prior proceeding terminate favorably to the plaintiff. Id. Resolution by compromise, such as a plea agreement to a lesser charge, is not a termination favorable to the plaintiff. Restatement (Second) of Torts § 660 (1977).

Bellamy's rape charge ended in a resolution by compromise: his guilty plea to the lesser-included offense of misdemeanor assault and battery. Therefore, Bellamy has not established, and cannot establish, a required element of a § 1983 malicious prosecution claim. There has been no resolution favorable to the plaintiff. Moreover, the facts, even construed liberally, do not support a malicious prosecution claim under § 1983 for another reason. Bellamy has not alleged, and the facts do not support, any detention without probable cause. See Brooks, 85 F.3d at 183-84.

Leave to amend is to be liberally granted. Fed. R. Civ. P. 15(a). It need not be granted, however, when it would be futile. IGEN Intern, Inc. v. Roche Diagnostics GMBH, 335 F.3d 303, 311 (4th Cir. 2003). The court finds that, given the above findings, the amendment to add a malicious prosecution claim would be futile, and will therefore be denied.

V

Defendants also urge the dismissal of defendant Waynesboro Police Department on the ground that liability under the doctrine of respondeat superior does not exist for § 1983 claims. A municipality is only liable under § 1983 if it causes a constitutional deprivation through an official policy or custom. Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999). Bellamy has not

alleged any official policy or custom of Waynesboro or its police department. He has made reference only to the specific events in which he was involved. Therefore, Bellamy's claim against the Waynesboro Police Department is dismissed.

## VI

Bellamy has submitted a second motion to appoint counsel. His first motion was denied by an order dated April 24, 2007. His first motion was denied because he had not made a showing of exceptional circumstances, Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). Bellamy has not put forth any further information since that time. Therefore, his second motion is denied for the same reasons as the first.

## VII

For the foregoing reasons, the Waynesboro Police Department is dismissed as a defendant. As to the other defendants, the motion to dismiss is denied. Bellamy's motion to amend is denied. Bellamy's second motion to appoint counsel is denied.

**ENTER:** This /8th day of October, 2007.

_____
United States District Judge