CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA., FILED

FEB 2 9 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ENGRAM M. BELLAMY, | ) | |
|     Plaintiff, | ) | Civil Action No. 5:07cv00035 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ALYSSA C. WELLS, | ) | By: Samuel G. Wilson |
| BRENT UZDANOVICS, AND | ) | United States District Judge |
| DOUG DAVIS, | ) | |
|     Defendants. | ) | |

This is an action by pro se plaintiff Engram M. Bellamy pursuant to 42 U.S.C. § 1983 for violation of his Fifth and Sixth Amendment rights against three City of Waynesboro, Virginia police officers, Alyssa C. Wells, Brent Uzdanovics, and Doug Davis for initiating and surreptitiously recording conversations with him while he was in custody on an indictment for rape. Bellamy also brings a false imprisonment claim under § 1983. The matter is now before this court on: (1) Davis' motion for summary judgment on the ground that he was not employed by the police department when the facts giving rise to Bellamy's claims arose; (2) all defendants' motion for judgment on the pleadings as to Bellamy's false imprisonment claim; (3) all defendants' motion for reconsideration of this court's earlier ruling that Bellamy's suit was timely; (4) and all defendants' motion for judgment on the pleadings as to the underlying merits of Bellamy's Fifth Amendment claim. The court grants Davis' motion for summary judgment and all defendants' motion for judgment on the pleadings as to Bellamy's false imprisonment claim, but denies their other motions.

I

In February 2003, while Bellamy was in jail awaiting trial on an indictment for rape,

police took him to a hospital to treat his asthma. He had been appointed an attorney. At the hospital, Wells, who was guarding Bellamy, talked with Bellamy about his case without first giving him Miranda warnings. After learning that Wells had established rapport with Bellamy, Uzdanovics briefed Wells about the case and sent her back to the hospital the next night with a hidden recording device to elicit incriminating statements. Wells spoke at length with Bellamy and surreptitiously recorded the conversation.

Bellamy's statements at the hospital were used against him at trial, despite Bellamy's motions to suppress them on the ground that the police had obtained them in violation of his Fifth and Sixth Amendment rights. A jury convicted Bellamy of rape. Bellamy appealed the decision to admit the statements, and on July 5, 2005 the Court of Appeals of Virginia reversed Bellamy's conviction and remanded for a new trial, holding that the officers had violated Bellamy's Sixth Amendment right to counsel. Bellamy v. Commonwealth, 2005 WL 1544775, *7 (Va. App. July 5, 2005). The contested statements were suppressed and Bellamy pleaded guilty to the lesser-included offense of misdemeanor assault and battery.

On April 2, 2007, Bellamy filed this civil rights action claiming that defendants had violated his Fifth Amendment right against compelled self-incrimination and his Sixth Amendment right to counsel and had falsely imprisoned him. Defendants moved to dismiss his Fifth and Sixth Amendment claims on timeliness grounds. The court found Bellamy's Fifth and Sixth Amendment claims timely in accordance with Heck v. Humphrey, 512 U.S. 477 (1994).

## II

Davis moves for summary judgment on the grounds that he was not involved with or employed by the City of Waynesboro at the time of the events giving rise to Bellamy's claims.

Bellamy has presented no evidence to counter Davis' affidavit, so the court grants the motion.

An award of summary judgment may be made only "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Facts are viewed in the light most favorable to the non-moving party. See Lee v. York County Sch. Div., 484 F.3d 687, 693 (4th Cir. 2007).

The events at the hospital took place in February 2003. Davis, chief of police for the City of Waynesboro, has filed an affidavit stating that he was not employed by Waynesboro in any capacity until November 3, 2003, the date he became chief of police. Bellamy, who has been given full notice and adequate time to marshal facts to contest this motion, (Roseboro Notice 1, May 25, 2007) states only that Davis, "through public testimony, willfully supported the actions of defendants Wells and Uzdanovics." (Pl.'s Brf. in Support of Response to Answer 9.) Bellamy asserts in an earlier pleading that Davis allowed Wells and Uzdanovics "to testify the same way they did before, even after the appeals court's ruling." (Pl.'s Mem. in Support of Compl. 19.) He also submitted a newspaper article that quotes Davis as saying that if there were a retrial, Wells and Uzdanovics would "testify like we did the first time." (Pl.'s Mem. in Support of Compl. Ex. 7.) Bellamy's assertions, without more, are not enough to withstand the motion for summary judgment. There is no respondeat superior liability under § 1983, Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978), and Bellamy apparently concedes that Davis played no direct, contemporaneous role in the February 2003 events. See Rizzo v. Goode, 423 U.S. 362 (1976) (discussing the requirement that there be a direct causal link between the acts of individual officers and supervisors). There is therefore no genuine issue of material fact as to

Davis' involvement in the February 2003 events, so he cannot be liable. The court grants the summary judgment motion.

### III

Defendants move for judgment on the pleadings as to Bellamy's claim of false imprisonment under § 1983. For the reasons explained in this court's October 19, 2007 memorandum opinion, Bellamy was never detained without legal process. He was arrested pursuant to an arrest warrant and has therefore not alleged any facts to support a claim of false imprisonment,[1] which only addresses detention "without legal process." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007). The court therefore grants defendants' motion for judgment on the pleadings as to the claim.

### IV

Defendants move for the reconsideration of this court's holding that Bellany timely filed his Fifth and Sixth Amendment claims. For the reasons set forth in the Oct. 19, 2007 memorandum opinion, the court denies the motions. Bellamy v. Wells, No 5:07cv00035 (W.D. Va. Oct. 19, 2007) (Mem. Op. on Mot. to Dismiss).

### V

Defendants move for judgment on the pleadings[2] as to Bellamy's Fifth Amendment claim. The court finds that Bellamy has adequately stated a theoretical Fifth Amendment claim

---

[1] The court notes that any such claim would be time-barred under Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007), which deals squarely with the accrual of false imprisonment claims under § 1983.

[2] The court notes it is bound to hold Bellamy's pleadings to a relaxed standard because of the fact that he is not represented by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972).

-4-

and denies defendants' motion.

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c),[3] Bellamy's claims are considered under the same standard as under Federal Rule of Civil Procedure 12(b)(6) – whether Bellamy has stated a claim upon which relief can be granted. Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405 (4th Cir. 2002). To withstand this motion, Bellamy's factual allegations must raise his right to relief above the speculative level. Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1965 (2007).

The Fifth Amendment, made applicable to the states through the Fourteenth Amendment, Malloy v. Hogan, 378 U.S. 1 (1964), requires that "no person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V. As mentioned briefly in the Oct. 19, 2007 memorandum opinion in this case, Bellamy's Fifth Amendment claim may not be cognizable under § 1983. Bellamy v. Wells, No. 5:07cv00035 (W.D. Va. Oct. 19, 2007) (Mem. Op. on Mot. to Dismiss). Bellamy must "allege [a] trial action that violated his Fifth Amendment rights." Burrell v. Virginia, 395 F.3d 508, 513 (4th Cir. 2005) (emphasis in original). Bellamy's original complaint, submitted on a pre-printed form created for inmates, cites only the February 12, 2003 events as violations of his Fifth Amendment rights, not the subsequent trial. However, he notes in his response to defendant's pleadings that the alleged Fifth Amendment violation was "instrumental" to the case against him. (Pl.'s Resp. to Def.'s Pleadings 3.)

---

[3]Rule 12(c) states simply that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Rule 12(h) states that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)."

Case 5:07-cv-00035-SGW   Document 52   Filed 02/29/08   Page 5 of 8   Pageid#: 296

Although the Fifth Amendment right[4] is a "fundamental trial right," conduct by law enforcement officers prior to trial may "impair that right." United States v. Verdugo-Urquidez, 494 U.S. 259, 264 (1990). There is disagreement in the case law as to whether a law enforcement officer may be held liable under § 1983 where a Miranda violation arguably produces incriminating statements, which are then used against the claimant at trial.[5] The Supreme Court made it clear that a Miranda violation, "without more," cannot constitute a cognizable claim under § 1983. Chavez v. Martinez, 538 U.S. 760, 767 (2003). In Chavez, however, the claimant was never even criminally charged, and so there was no "criminal case" within the meaning of the Fifth Amendment. Going one step further, the Fourth Circuit found no cognizable § 1983 claim even where there was a trial subsequent to an alleged Miranda violation. Burrell v. Virginia, 395 F.3d 508 (4th Cir. 2005). The court specifically noted, however, that the claimant had expressly excepted any trial action from his allegations. Id. at 513 n.4. Therefore, neither of these precedents answer the question as to the claimant here. There clearly was a "criminal case" against Bellamy, so his allegations are beyond the holding of Chavez. Bellamy does allege that the inculpatory and arguably compelled statements were used against him at trial, thereby putting his case beyond the holding of Burrell. Thus, neither the Supreme Court nor the Fourth Circuit have answered this question. Courts elsewhere are split on the answer. See, e.g., Hannon v. Sanner, 441 F.3d 635 (8th Cir. 2006) (holding that Chavez supports the view that a

---

[4] A "true Fifth Amendment claim[]" has been described as "the extraction and use of compelled testimony." Withrow v. Williams, 507 U.S. 680, 705 (1993) (O'Connor, J., concurring in part and dissenting in part).

[5] Section 1983 address only "the deprivation of any rights, privileges or immunities secured by the Constitution and laws . . . ."

law enforcement officer's violation of Miranda cannot be grounds for a § 1983 action); McKinley v. City of Mansfield, 404 F.3d 418, 437 (6th Cir. 2005) ("The cases do not question that the police may be held liable under § 1983 for violating someone's Fifth Amendment rights.") (citing Chavez and Burrell).

This court finds that the result of McKinley is most consistent with the law. The Supreme Court in Dickerson v. United States clearly establishes Miranda as a "constitutional rule" that cannot be displaced by Congressional legislation. 530 U.S. 428, 444 (2000). The Supreme Court has further described a "true Fifth Amendment claim" as the "extraction and use of compelled testimony." Withrow v. Williams, 507 U.S. 680, 705 (1993) (O'Connor, J., concurring in part and dissenting in part). The question here is whether § 1983's cause of action for "the deprivation of any rights, privileges or immunities secured by the Constitution and law" is broad enough to encompass Bellamy's allegations. Those allegations cite a Miranda violation (Compl. 2) as well as the extraction and use (Pl.'s Resp. to Def.'s Pleadings 3) of arguably compelled testimony. It seems clear enough that Miranda is at least "secured by" the Constitution. Otherwise, it's hard to see how it could withstand contrary Congressional legislation. Even putting aside Miranda, Bellamy has alleged both the extraction and the use of arguably compelled testimony. By the Supreme Court's own language, this is a "true Fifth Amendment claim," not merely a Miranda claim. Moreover, § 1983 reaches beyond "true" or "core" Constitutional rights alone because the statute's plain language also encompasses any privilege or immunity (not just rights) secured by (not just explicit within) the Constitution. Thus, § 1983 casts a wide net, and the undeniably Constitutional foundation of Miranda brings Bellamy's allegations within that net. If Miranda alone were not enough, Bellamy has also made

clear that he challenges the "extraction and use" in a criminal case of testimony that may have been compelled. This court finds that the fairest reading of the plain language at issue and the relevant Supreme Court precedent constrains this court to find that Bellamy's pleadings state a cognizable claim.

In this case, then, it appears that Bellamy has stated a theoretical Fifth Amendment claim. The claim, however, is apparently of no practical effect; any damages arising from any Fifth Amendment violation would be entirely coterminous with any damages arising from the Sixth Amendment claim, which Bellamy has adequately stated. That is, both claims arise from the same events at the hospital where Bellamy made his statements. Nonetheless, Bellamy's pleadings withstand the test for a judgment on the pleadings, so the court denies defendants' motion.

## VI

For the foregoing reasons, the court grants Davis' motion for summary judgment and all defendants' motion for judgment on the pleadings as to Bellamy's false imprisonment claim but denies their other motions.

**ENTER:** This 28th day of February, 2008.

_____
United States District Judge