CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 0 8 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| ENGRAM M. BELLAMY,<br>    Plaintiff, | ) ) ) | Civil Action No. 5:07cv00035 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| ALYSSA C. WELLS, et al.,<br>    Defendants. | ) ) ) ) ) | By: Samuel G. Wilson<br>United States District Judge |

This is an action pursuant to 42 U.S.C. § 1983 by pro se plaintiff Engram M. Bellamy against three police officers and the Waynesboro Police Department claiming that defendants violated his Fifth and Sixth Amendment rights. On October 19, 2007, the court denied the individual police officers' motion to dismiss, granted the police department's motion to dismiss, denied Bellamy's motion to amend his complaint on the ground that the proposed amendment would be futile, and denied his renewed motion to appoint counsel. Bellamy appealed, and this court initially removed the matter from its trial calendar. Although the court will not return the matter to its trial calendar until the appeal is resolved by the Court of Appeals, because Bellamy's appeal appears to be an inappropriate interlocutory appeal, the court concludes that it would not be inappropriate to resolve outstanding motions.

## I.

This case involves multiple claims against multiple parties, and the court has not resolved all of them or directed entry of a final judgment as to one or more but fewer than all in accordance with Rule 54 of the Federal Rules of Civil Procedure. Nor has the court certified the case for interlocutory appeal pursuant to 28 U.S.C. § 1292.

## II.

The Court of Appeals has jurisdiction only over final decisions, see 28 U.S.C. § 1291, and qualifying interlocutory appeals pursuant to 28 U.S.C. § 1292. Pursuant to Rule 54 of the Federal Rules of Civil Procedure "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revived at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities." Therefore, the decision Bellamy appeals here is not a final decision as to any matter, including the denial of Bellamy's request for court-appointed counsel, see Miller v. Simmons, 814 F.2d 962 (4th Cir. 1987), and jurisdiction remains in this court, see United States v. Hitchmon, 602 F.2d 689 (5th Cir. 1979), unless this is a qualifying interlocutory appeal, which it is not.[1]

## III.

In accordance with the above, this court will proceed with various housekeeping matters in this case.

**ENTER:** This September 8, 2008.

UNITED STATES DISTRICT JUDGE

---

[1] Despite this conclusion, the court notes that if it perceived a likelihood that the Court of Appeals would hear the appeal it would refrain from acting. See United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979) ("In this case the appealed order was clearly unappealable and the notice of appeal thus 'manifestly ineffective.' In other cases, where there is a likelihood that the court of appeals may hear the appeal, the district court, and the interest of judicial economy as well as fairness to litigants, might well refrain from acting.")