CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
by Harrisonburg
JUN 10 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ENGRAM M. BELLAMY, ) | |
| Plaintiff, ) | Civil Action No. 5:07cv00035 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ) | |
| ALYSSA CAMPBELL WELLS, ) | By: Samuel G. Wilson |
| BRENT UZDANOVICS, ) | United States District Judge |
| Defendants. ) | |

In Montejo v. Louisiana, No. 07-1529, --- S. Ct. ----, 2009 WL 1443049 (May 26, 2009), the United States Supreme Court overruled Michigan v. Jackson, 475 U.S. 625 (1986), a decision underlying this court's denial of summary judgment in Bellamy v. Wells, No. 5:07cv35, 2009 WL 1404734 (W.D. Va. May 15, 2009). The court *sua sponte* reconsiders its decision in Bellamy and concludes that Montejo does not materially alter this court's decision.

I.

In Montejo, the Supreme Court held that "[w]hen a court appoints counsel for an indigent defendant in the absence of any request on his part, there is no basis for a presumption that any subsequent waiver of the right to counsel will be involuntary." 2009 WL 1443049, at *8. Therefore, "the Sixth Amendment right to counsel may be waived by a defendant, so long as relinquishment of the right is voluntary, knowing, and intelligent." Id. at *6. Generally, a Sixth Amendment waiver "depend[s] . . . upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464 (1938). Montejo made clear that, "[i]n determining whether a Sixth Amendment waiver was knowing and voluntary, there is no reason categorically to distinguish an

unrepresented defendant from a represented one," 2009 WL 1443049, at *14, and "when a defendant is read his Miranda rights . . . and agrees to waive those rights, that typically does the trick," id. at *6. However, a purported waiver is invalid if based upon misrepresentations by the police, id. at *13, and the Court did not question its previous statement in Michigan v. Harvey, 494 U.S. 344, 348 (1990), that "once formal criminal proceedings begin the Sixth Amendment renders inadmissible in the prosecution's case in chief statements deliberately elicited from a defendant without an express waiver of the right to counsel."

Montejo does not materially alter this court's decision in Bellamy because this court did not rely on the presumptive invalidity of any waiver of Bellamy's Sixth Amendment rights. As this court previously stated, "[i]n the light most favorable to Bellamy, Bellamy did not expressly waive his Sixth Amendment right to counsel." Bellamy, 2009 WL 1404734, at *4. Moreover, in the light most favorable to Bellamy, he did not receive Miranda warnings before the challenged encounter, therefore Defendants cannot rely on a purported Miranda waiver to establish a Sixth Amendment waiver.

## II.

For the foregoing reasons, upon *sua sponte* reconsideration, the court finds no basis for altering its previous ruling denying summary judgment to Defendants Alyssa Campbell Wells and Brent Uzdanovics.

It is so **ORDERED**.

ENTER: This June 10th, 2009.

_____
UNITED STATES DISTRICT JUDGE

2

Case 5:07-cv-00035-SGW   Document 81   Filed 06/10/09   Page 2 of 2   Pageid#: 455